IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

JOSE CATALINO MARTINEZ
405 University Blvd. E.
Silver Spring, MD 20903
(Montgomery County)

    Plaintiff,

v.

A CAPITAL ELECTRIC SERVICES, LLC
d/b/a ACES ELECTRICAL SERVICES
8921 Little River Turnpike
Fairfax, VA 22031

BISMARCK AGUILERA JUSTINIANO
a/k/a BISMARCK AGUILERA
a/k/a BISMARCK NUNEZ DEL PRADO
209 Braehead Drive
Fredericksburg, VA 22401

    Defendants.

Civil Action No._____

## COMPLAINT

1. Defendants employed Plaintiff as a construction worker in Montgomery County, Maryland. Defendants misclassified Plaintiff as an independent contractor. As a result, Defendants denied Plaintiff overtime wages, only paid him for a fraction of his hours worked, and denied him the benefit of employer-side tax contributions.

2. Plaintiff brings this action to recover damages for Defendants' willful failure to pay regular, minimum, and overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Maryland Wage and Hour Law ("MWHL"), Md. Code, Lab. & Empl. Art., § 3-401 *et seq.*, the Maryland Wage Payment and Collection Law ("MWPCL"), Md.

Code, Lab. & Empl. Art., § 3-501 *et seq*., and the Maryland Workplace Fraud Act ("MWFA"), Md. Code, Lab. & Empl. Art., § 3-901 *et seq*.

3. Plaintiff also brings this action to recover damages for Defendants' willful failure to pay its employer-side tax contributions, in violation of the MWFA.

## Jurisdiction and Venue

4. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C.§ 1367 (supplemental jurisdiction).

5. Venue is proper pursuant to 28 U.S.C. § 1391(b) and Local Rule 501(4) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district and division.

## Parties

6. Plaintiff Jose Catalino Martinez is an adult resident of Montgomery County, Maryland.

7. Defendant A Capital Electric Services, LLC is a Virginia corporate entity. A Capital Electric Services, LLC does business as ACES Electrical Services. A Capital Electric Services, LLC's principal place of business is located at 8921 Little River Turnpike, Fairfax, VA 22031. A Capital Electric Services, LLC's resident agent for service of process is "Bismarck Aguilera-Justiniano," 8921 Little River Turnpike, Fairfax, VA 22031.

8. Bismarck Aguilera Justiniano is an adult resident of Virginia. He is also known as Bismarck Aguilera and Bismarck Nunez del Prado. He resides at 209 Braehead Drive, Fredericksburg, VA 22401. He owns and operates A Capital Electric Services, LLC. He exercises authority over A Capital Electric Services, LLC's day to day operations, including work place assignments and pay practices.

## Factual Allegations Specific to Plaintiff Martinez

9. Defendants employed Plaintiff Martinez from approximately August 22, 2016 through approximately October 16, 2016.

10. At all relevant times, Plaintiff Martinez worked in Maryland.

11. Defendant Aguilera Justiniano personally hired Plaintiff Martinez.

12. Defendant Aguilera Justiniano personally assigned Plaintiff Martinez to work at the construction of the "Clarksburg Premium Outlets," in Clarksburg, Maryland.

13. Plaintiff Martinez worked as a construction laborer.

14. Plaintiff Martinez's job duties primarily consisted of installing electrical wiring.

15. Plaintiff Martinez worked approximately the following number of hours:

| Workweek | Hours Worked |
| --- | --- |
| Aug. 22, 2016 - Aug. 28, 2016 | 86.0 |
| Aug. 29, 2016 - Sept. 04, 2016 | 81.0 |
| Sept. 05, 2016 - Sept. 11, 2016 | 88.0 |
| Sept. 12, 2016 - Sept. 18, 2016 | 94.0 |
| Sept. 19, 2016 - Sept. 25, 2016 | 80.0 |
| Sept. 26, 2016 - Oct. 02, 2016 | 99.0 |
| Oct. 03, 2016 - Oct. 09, 2016 | 100.0 |
| Oct. 10, 2016 - Oct. 16, 2016 | 104.0 |
| **Total Hours Worked** | **732.0** |

16. Plaintiff Martinez typically and customarily worked more than 40 hours in a workweek for Defendants.

17. Plaintiff Martinez worked a total of approximately 412 overtime hours with ACES Electrical Services.

18. Plaintiff Martinez was never paid overtime wages for when he worked more than 40 hours in a workweek.

19. Plaintiff Martinez earned a regular hourly rate of $21.00 per hour.

20. Plaintiff Martinez earned $19,698.00 in regular and overtime wages.

21. Defendants only paid Plaintiff Martinez the following amounts:

| Check Date | Amount |
|---|---|
| Sept. 02, 2016 | $1,000.00 |
| Sept. 09, 2016 | $2,500.00 |
| Sept. 18, 2016 | $1,000.00 |
| Sept. 23, 2016 | $3,000.00 |
| **Total** | **$7,500.00** |

22. Defendants paid Plaintiff Martinez nothing after September 23, 2016.

23. Plaintiff Martinez did not earn the federal or Maryland minimum wage for the three workweeks from September 26, 2016 through October 16, 2016.

24. Defendants owe Plaintiff Martinez approximately **$12,198.00** in unpaid regular, minimum, and overtime wages.

25. Moreover, Defendants misclassified Plaintiff Martinez as an independent contractor.

26. At all relevant times, Defendants never withheld taxes from their payments to Plaintiff Martinez.

27. At all relevant times, Defendants did not pay the employer's portion of Social Security, a tax equal to 6.2% of the employee's wages. 26 U.S.C. § 3111(a).

28. At all relevant times, Defendants did not pay the employer's portion of Medicare, a tax equal to 1.45% of the employee's wages. 26 U.S.C. § 3111(b).

29. Defendants owe Plaintiff Martinez approximately **$1,506.90** for the employer's portion of Social Security and Medicare taxes.

30. At all relevant times, Plaintiff Martinez was paid by check.

31. At all relevant times, Defendants had the power to hire and fire Plaintiff Martinez.

32. At all relevant times, Defendants had the power to control Plaintiff Martinez's work schedule.

33. At all relevant times, Defendants had the power to supervise and control Plaintiff Martinez's work.

34. At all relevant times, Defendants had the power to set Plaintiff Martinez's rate and manner of pay.

35. At all relevant times, Defendants were aware that they were legally required to pay Plaintiff Martinez one and one-half times Plaintiff Martinez's regular rate for all hours worked in excess of 40 hours in any one workweek.

36. At all relevant times, Defendants were aware that they were legally required to pay Plaintiff Martinez the applicable minimum wage.

37. At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiff Martinez all wages legally due to Plaintiff Martinez.

38. At all relevant times, Plaintiff Martinez was under the control of the Defendants, pursuant to Md. Code, Lab. & Empl. Art. § 3-903(c)(1)(ii)(1).

39. At all relevant times, Plaintiff Martinez was not customarily engaged in an independent business.

40. At all relevant times, Plaintiff Martinez's work activities were within Defendants' usual course of business, as defined by Md. Code, Lab. & Empl. Art. § 3-903(c)(2).

41. At all relevant times, Plaintiff Martinez's work activities were integral to Defendants' usual course of business of providing construction services.

42. At all relevant times, Plaintiff Martinez was legally presumed to be an employee of the Defendants, pursuant to Md. Code, Lab. & Empl. Art. § 3-903(c).

43. No written contract ever existed between the Defendants and the Plaintiff Martinez pursuant to Md. Code, Lab. & Empl. Art. § 3-903.1(1)(i).

44. Defendants never created an affidavit indicating that the Plaintiff Martinez was an independent contractor, available to work for other businesses, pursuant to Md. Code, Lab. & Empl. Art. § 3-903.1(ii).

45. Defendants never created or provided Plaintiff Martinez with a notice stating that he was an independent contractor, pursuant to Md. Code, Lab. & Empl. Art. § 3-914(b).

46. Defendants provided Plaintiff Martinez with a uniform to wear at work. The uniform bore the name of "ACES Electrical Services."

47. At all relevant times, Defendants provided Plaintiff Martinez with the tools and materials necessary to complete Plaintiff Martinez 's assigned tasks.

48. At all relevant times, Defendants maintained possession of and stored the tools and materials that they provided for Plaintiff Martinez 's use.

49. At all relevant times, Plaintiff Martinez identified himself as an employee of Defendants.

50. At all relevant times, Defendants and Plaintiff Martinez believed that an employer-employee relationship existed.

51. At all relevant times, Plaintiff Martinez worked underneath Defendant Aguilera Justiniano's license of "Master Electrician."

52. At all relevant times, Defendants required Plaintiff Martinez to start working every morning at 7:00 a.m.

53. At all relevant times, Defendants supervised the work that Plaintiff Martinez performed.

54. At all relevant times, Defendants assigned Plaintiff Martinez specific tasks to perform on his job.

55. At all relevant times, Defendants assigned Plaintiff Martinez to work with different coworkers. Defendants assigned Plaintiff Martinez assistants and, at times, Defendants assigned Plaintiff Martinez to assist other coworkers.

56. At all relevant times, Defendants paid Plaintiff Martinez by the hour, rather than by the job.

57. At all relevant times, Defendants and Plaintiff Martinez never agreed to a working relationship that would last for a predetermined set period of time.

58. At all relevant times, Defendants engaged in the practice of misclassifying their employees as though they were independent contractors, irrespective of the employee's job duties and work assignments.

59. At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

60. At all relevant times, Defendants had two or more employees who handled goods and/or materials that had travelled in or been produced for interstate commerce.

## COUNT I
### FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE FLSA

61. Plaintiff Martinez incorporates the foregoing paragraphs as if fully restated herein.

62. Each defendant was an "employer" of Plaintiff Martinez within the meaning of the FLSA. 29 U.S.C. § 203(d).

63. The FLSA requires that employers pay non-exempt employees at least $7.25 per hour. 29 U.S.C. § 206(a)(1).

64. The FLSA permits states to set a minimum wage higher than that provided for by the FLSA. 29 U.S.C. § 218.

65. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. 29 U.S.C. § 207(a)(1).

66. Defendants violated the FLSA by knowingly failing to pay Plaintiff Martinez the required minimum wage.

67. Defendants violated the FLSA by knowingly failing to pay Plaintiff Martinez at least one and one-half times Plaintiff Martinez's regular hourly rate for hours worked in excess of 40 hours in any one workweek.

68. Defendants' violations of the FLSA were willful.

69. For Defendants' violations of the FLSA, Defendants are liable to Plaintiff Martinez for unpaid minimum and overtime wages, an equal amount as liquidated damages, court costs, reasonable attorney's fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT II
### FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE MWHL

70. Plaintiff Martinez incorporates the foregoing paragraphs as if set forth in their entirety herein.

71. Each defendant was an "employer" of Plaintiff Martinez within the meaning of the MWHL. Md. Code, Lab. & Empl. Art. § 3-401(b).

72. The MWHL required that employers pay non-exempt employees at least $8.75 per hour from July 1, 2016 through June 30, 2017. Md. Code, Lab. & Empl. Art. § 3-413.

73. The MWHL requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. Md. Code, Lab. & Empl. Art., §§ 3-415 and 3-420.

74. Defendants violated the MWHL by knowingly failing to pay the required minimum wage to Plaintiff Martinez.

75. Defendants violated the MWHL by knowingly failing to pay Plaintiff Martinez one and one-half times Plaintiff Martinez's regular hourly rate for hours worked in excess of 40 hours in any one workweek.

76. Defendants' violations of the MWHL were willful.

77. For Defendants' violations of the MWHL, Defendants are liable to Plaintiff Martinez for unpaid minimum and overtime wages, an equal amount as liquidated damages, court costs, reasonable attorney's fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PAY WAGES UNDER THE MWPCL

78. Plaintiff Martinez incorporates the foregoing paragraphs as if set forth in their entirety herein.

79. Each defendant was an "employer" of Plaintiff Martinez within the meaning of the MWPCL. Md. Code, Lab. & Empl. Art. § 3-501(b).

80. The MWPCL requires employers to pay an employee who is discharged on or before the day on which the employee would have been paid the wages if the employment had not been terminated. Md. Code, Lab. & Empl. Art. § 3-505(a).

81. The MWPCL requires employers to timely pay an employee on regular pay days. Md. Code, Lab. & Empl. Art. § 3-502.

82. The "wages" required to be timely paid by the MWPCL include minimum and overtime wages. *Peters v. Early Healthcare Giver, Inc.*, 439 Md. 646, 654 (Md. 2014).

83. Defendants violated the MWPCL by knowingly failing to timely pay Plaintiff Martinez all wages earned, including regular, minimum, and overtime wages.

84. Defendants' violations MWPCL were willful.

85. For Defendants' violations of the MWPCL, Defendants are liable to Plaintiff Martinez for three times the amount of unpaid wages, court costs, reasonable attorney's fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT IV
## MISCLASSIFICATION UNDER THE MWFA

86. Plaintiff Martinez incorporates the foregoing paragraphs as if fully restated herein.

87. Defendants employed Plaintiff Martinez in the "construction services" industry within the meaning of the MWFA, Md. Code, Lab. & Empl. Art. § 3-901(b).

88. Each defendant was an "employer" of Plaintiff Martinez within the meaning of the MWFA, Md. Code, Lab. & Empl. Art. § 3-901(c).

89. The MWFA forbids employers from misclassifying employees as independent contractors. Md. Code, Lab. & Empl. Art. § 3-903.

90. Defendants knowingly misclassified Plaintiff Martinez as an independent contractor.

91. As a result of Defendants' misclassification, Plaintiff Martinez was not paid an overtime premium for hours worked in excess of 40 in any one workweek.

92. As a result of Defendants' misclassification, Plaintiff Martinez did not receive the benefit of the Defendants' payments of the employer's portion of Social Security and Medicare taxes.

93. For their violations of the MWFA, Defendants are liable to Plaintiff Martinez for unpaid overtime wages, plus an amount equal to three times the unpaid overtime wages as damages, plus interest, court costs, reasonable attorneys' fees and expenses, and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Martinez respectfully requests that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$59,112.60**, and grant the following relief:

a. Award Plaintiff Martinez $40,920.00, consisting of the following overlapping elements:

   i. unpaid federal minimum and overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

   ii. unpaid Maryland minimum and overtime wages, plus an equal amount as liquidated damages, pursuant to the MWHL, Md. Code, Lab. & Empl. Art., § 3-427;

   iii. three times the amount of unpaid regular, minimum, and overtime wages, pursuant to the MWPCL, Md. Code, Lab. & Empl. Art., 3-507.2;

   iv. unpaid overtime wages, plus an amount equal to three times the amount of unpaid overtime wages, pursuant to the MWFA, Md. Code, Lab. & Empl. Art. § 3-911(c);

b. Award Plaintiff Martinez $6,027.60 in damages consisting of:

   i. Defendants' unpaid contribution to Social Security and Medicare taxes, plus an amount equal to three times the unpaid cpntributions, pursuant to the MWFA, Md. Code, Lab. & Empl. Art. § 3-911(c).

c. Award Plaintiff Martinez pre-judgment and post-judgment interest as permitted by law.

d. Award Plaintiff Martinez reasonable attorney's fees and expenses at Appendix B Rates (as of this date, approximately **$11,765.00**);

e. Award Plaintiff Martinez court costs (currently, **$400.00**); and

f. Award any additional relief the Court deems just.

Date: January 11, 2017

Respectfully submitted,

<u>/s/ Justin Zelikovitz, Esq.</u>
Justin Zelikovitz, #17567
DCWageLaw
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com